No. 24-10788

---

# United States Court of Appeals for the Fifth Circuit

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant*,

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

---

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

---

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 955-1500
*medney@huntonak.com*

For the reasons stated below, and pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rules 27.1.3 and 27.4, Appellant Barton respectfully requests that the Court enter an order holding the above-captioned case in abeyance until fifteen (15) days after the resolution of the primary appeal challenging the re-appointment of a receiver in this matter. That appeal is currently pending before this Court as Case Number 23-11237.

As required by Circuit Rule 27.4, the Appellant conferred with counsel to the United States Securities and Exchange Commission on October 25 and then on November 27 regarding the above requested relief. Counsel for the Commission stated on December 2, 2024, that the Commission takes no position on the instant motion.

This motion is time sensitive, as the opening brief in this matter is otherwise due on December 4, 2024. The Appellants respectfully request a ruling prior to December 4 or a short administrative extension of the briefing deadline to allow the Court to rule on Appellant's request to hold the case in abeyance pending resolution of the primary appeal in this matter.

## BACKGROUND

This appeal arises from various District Court orders approving the Commission-requested, court-appointed Receiver's permanent disposition of real property belonging to the Appellant. The underlying authority of that same Receiver generally speaking to take control of Appellant's entities and assets is currently on appeal before this Court in Case Number 23-11237.

Case Number 23-11237 has been fully briefed. And, just today, the Court notified counsel that oral argument on that primary appeal is tentatively calendared for the week of February 3, 2025. Disposition of that primary appeal would make it unnecessary to brief and to decide some or all of the issues addressed in this appeal. Importantly, the primary pending appeal presents questions regarding the Securities and Exchange Commission's authority to seek and the District Court's authority to impose a receivership in the first stages of a case. That primary appeal arises from a previous decision of this Court reversing the imposition of the same receiver in this matter. *SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023). Whether the District Court honored and

properly implemented the principles set forth in this Court's decision is presented in the primary pending appeal.

## DISCUSSION

To avoid unnecessary expenditure of party and judicial resources, this Court should hold this appeal in abeyance and await the resolution of the primary challenge to the Receiver's appointment, and the scope of that appointment, in Case Number 23-11237. The requested relief will allow time for this Court to resolve the primary pending appeal. The above-entitled appeal challenges the District Court's later orders authorizing the Receiver permanently to sell assets owned by corporations that the District Court decided to place into the receivership. The primary appeal will dispose of key questions regarding the propriety of the receivership and whether it should reach the corporations in question in the instant appeal, issues that would otherwise be presented and briefed in the above-entitled appeal challenging orders authorizing the permanent sale of those particular corporations' assets.

The requested relief will serve judicial economy by eliminating duplicative briefing and preserve the scarce resources of the Appellant

and of the Government in preparing that briefing. Holding the instant appeal case in abeyance for a short period time while the fully briefed primary appeal is being resolved will prejudice no party. As the Court has tentatively calendared oral argument on the primary appeal for the week of February 3, 2025, the requested extension is modest in length.

Federal courts of appeal routinely grant motions to hold cases in abeyance pending the outcome of separate pending judicial dispositions that would significantly impact ongoing litigation and preserve scarce party and judicial resources. *See, e.g.*, *In re Embry*, 831 F.3d 377, 382 (6th Cir. 2016) (holding case in abeyance pending appeal to U.S. Supreme Court on similar issues); *see also Chowdhury v. WorldTel Bangl. Holding, Ltd.*, 746 F.3d 42, 47-48 (2nd Cir. 2014) (holding case in abeyance pending petition for certiorari on separate circuit court's treatment of similar issues). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

And, indeed, where there is a "possibility that the [immediate issue on appeal] will be modified in a way which renders judicial review

unnecessary[,]" courts have granted requests to hold an appeal in abeyance. *Stone v. INS*, 514 U.S. 386, 392 (1995).

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that this Court enter an order holding the above-captioned case in abeyance until fifteen days after the resolution of the primary appeal challenging the Receiver's re-appointment in Case Number 23-11237.

Respectfully submitted,

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: December 2, 2024

## **Certificate of Filing and Service**

I hereby certify that on December 2, 2024, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*